JL

WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Jose Angel Acosta,

　　　　　　　Petitioner,

v.

Unknown Hudson,

　　　　　　　Respondent.

No.    CV-23-01909-PHX-JAT (MTM)

**ORDER**

Petitioner Jose Angel Acosta, who is confined in the Federal Correctional Institution-Phoenix, filed a pro se Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) and paid the filing fee.  The Court will dismiss the Petition and this case.

**I.    Petition**

In his Petition, Petitioner names Unknown Hudson as Respondent.  Petitioner raises one ground for relief under the Coronavirus Aid, Relief, and Economic Security Act ("the CARES Act"), asserting that he was "locked up" during the COVID-19 pandemic, and he "did all the cell time."  Petitioner contends that Congress mandated that all prisoners "get the credit for being lock[ed] down," and "[t]hey say it is programming."  Petitioner asserts that he has "done everything that Congress has mandated [him] to do" and has done "everything in [his] power that the prison and [COVID] will allow [him] to," but the Federal Bureau of Prisons (BOP) has not given him "the time that [he] should have."[1]

---

[1] According to BOP records, Petitioner's projected release date is June 27, 2026.

## II.      Discussion

It is not clear what provision Petitioner intended to cite as support for his claim. Petitioner appears to assert that he is entitled to good time credit because he could not attend programming during the COVID-19 pandemic, and that time should be credited as it would have been if Petitioner had attended programming.    Under 18 U.S.C. § 3632(d)(4)(A), "A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" at a rate of "10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities" with the possibility to earn an additional 5 days per 30 days of successful participation.  18 U.S.C.A. § 3632(d)(4)(A).[2]

The CARES Act does not contain any provisions regarding good time credits and programming.   The only portion of the CARES Act pertaining to federal sentencing involved an expansion of the BOP's authority to transfer incarcerated defendants to home confinement without judicial intervention.  Such authority expired "30 days after the date on which the national emergency declaration terminates."[3]  CARES Act, Pub. L. 116-136, Div. B, Title II, § 12003(a)(2) (2020).  Thus, even if Petitioner sought release to home confinement, and even if the Court could grant such relief, the home confinement provisions of the CARES Act no longer apply because more than 30 days have elapsed since the Public Health Emergency declaration ended.

*See* https://www.bop.gov/inmateloc/ (last visited Oct. 17, 2023).

[2] Section (D) provides, "[A] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under" 21 U.S.C. § 841(b)(1), among other provisions.  Petitioner was convicted of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine and possession with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).  *See United States v. Acosta*, 20-cr-00499-1 (S.D. Tex. 2020).  Thus, it appears Petitioner is not entitled to any time credits for programming due to the nature of his convictions.

[3] The federal COVID-19 Public Health Emergency declaration ended on May 11, 2023.      *See*    https://www.hhs.gov/coronavirus/covid-19-public-health-emergency/index.html (last visited Oct. 17, 2023).

To the extent that Petitioner asserts he is entitled to good time credit under the First Step Act, nothing in the First Step Act entitles Petitioner to good time credit for being incarcerated during the COVID-19 pandemic. *See*, *e.g.*, *DeGollado v. Ray*, 5:23-CV-0257, 2023 WL 5764285, at *2 (N.D.W.V. Aug. 17, 2023).[4]

For the foregoing reasons, the Court will dismiss the § 2241 Petition and this case for lack of jurisdiction. *See* 28 U.S.C. § 2255(a).

**IT IS ORDERED:**

(1)     Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this case are **dismissed**.

(2)     The Clerk of Court must enter judgment accordingly and close this case.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[4] Federal courts have rejected prisoners' claims that they are entitled to additional "hardship" time credits because of the conditions of their confinement. *See United States v. Nevarez-Ledezma*, No. CR 19-1379 KG, 2021 WL 4430157, at *1 (D.N.M. Sept. 27, 2021) ("There is no federal statute that permits shorter sentences for inmates serving 'harder' time in certain prisons."); *United States v. Bear*, No. 1:19-CR-10034-01-CBK, 2021 WL 1925488, at *1 (D.S.D. May 13, 2021) (finding no federal statute "that would allow a prisoner to receive two days credit for each day served on a sentence due to the conditions of confinement"); *United States v. Green*, No. CR415-204, 2021 WL 1929552, at *1 (S.D. Ga. May 13, 2021) (finding no authority to support defendant's motion for "hardship credit for hard time served"); *United States v. Mitchell*, No. 15-20609, 2021 WL 1827202, at *2 (E.D. Mich. May 7, 2021) (same); *United States v. Brown*, No. 2:14-CR-130, 2021 WL 1725545, at *1 (E.D. Tenn. Apr. 30, 2021) (same); *United States v. Barnes*, No. CR 113-199, 2021 WL 1395199, at *1 (S.D. Ga. Apr. 13, 2021) (same).

(3)     Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence.  *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th. Cir. 2001).  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 23rd day of October, 2023.

James A. Teilborg
Senior United States District Judge

- 4 -